# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Cliff Rouse, ) | |
| ) | Civil Action No.: 4:14-cv-00726-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Lt. Clarey, Chief Schwarts, and Captain ) | |
| Wineglass, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Cliff Rouse ("Plaintiff"), filed this *pro se* action under 42 U.S.C. § 1983 on March 5, 2014, alleging violations of his constitutional rights. (ECF No. 1.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 (D.S.C.), the matter was referred to United States Magistrate Judge Thomas E. Rodgers III for pre-trial handling. On February 26, 2015, the Magistrate Judge issued a Report and Recommendation ("Report") (ECF No. 75) recommending that Defendants' Motion for Summary Judgment (ECF No. 53) be granted in its entirety pursuant to Fed. R. Civ. P. 12(d) and 56. This review considers Plaintiff's Objection to the Magistrate's Report and Recommendation ("Objection") filed on March 9, 2015. (ECF No. 78.) For the reasons set forth herein, the court **ACCEPTS** the conclusions of the Magistrate Judge's Report and thereby **GRANTS** Defendants' Motion for Summary Judgment.

## I. JURISDICTION

United States District Courts have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. Plaintiff in the present case filed his action under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (ECF No. 1.) Therefore, the court has jurisdiction in this matter.

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a pre-trial detainee at the Georgetown County Detention Center ("GCDC"). (ECF No. 1 at 1.) In the Complaint (ECF No. 1), Plaintiff alleges that there is black mold growth within GCDC. Plaintiff states that he fears for his life because of this black mold. (*Id.*) Plaintiff alleges that his body is itchy, his chest hurts, and his nose bleeds as a result of the black mold growth. (*Id.*) Plaintiff also alleges that the meals at the GCDC are cold and under-cooked. (*Id.* at 2.) He alleges that the trays used to serve food at GCDC are old with "stagnated water" on the inside. (*Id.*) Plaintiff alleges that there is mold growing inside of these trays and that after eating from these trays he has felt sick. (*Id.*) Plaintiff did not provide any medical documentation to the court to support his allegations.

Plaintiff also alleges that the uniforms and clothes at GCDC are dirty and not washed correctly (ECF No. 1-2 at 3.) Finally, Plaintiff alleges that the generator at GCDC is too small. (*Id.* at 4.) Plaintiff claims that, as a result of the small generator, there was no air conditioning or heat working in his cell during an ice storm that occurred from February 12, 2014, through February 15, 2014. (*Id.*) Plaintiff argues that these conditions amount to cruel and unusual punishment. (*Id.*)

Defendants move for summary judgment based on three arguments; first, Defendants argue that Plaintiff is not entitled to relief under the Eighth Amendment because he is a pre-trial detainee and not a convicted criminal. (ECF No. 53-1 at 4-6.). Second, Defendants argue that they are protected from civil damage suits through qualified immunity. (*Id.* at 6-7.) Finally, Defendants argue that they are not liable under a theory of supervisory liability because there is no doctrine of respondeat superior under § 1983 claims. (*Id.* at 7-8.) In Plaintiff's Response to Defendants' Motion for Summary Judgment, he claims that there are six GCDC Officers that are

willing to "testify on [his] behalf", namely "Officer Veronica Gibbs, Officer Neal Boshears, Officer Ms. Hewitt, Officer Ms. Hernandez, Officer Ms. Washington and Officer McAlister." (ECF No. 59 at 2-3.) Defendants filed a Reply to Plaintiff's Response to Motion for Summary Judgment in which they attached affidavits from four of the six officers, Veronica R. Gibbs, Neal Boshears, Mary J. Hewitt and Justin T. McAlister. (ECF No. 68.) All four of the Officers' affidavits deny any knowledge of black mold in GCDC. (ECF Nos. 68, 68-1, 68-2, 68-3, 68-4.) In the Report, the Magistrate Judge agreed with Defendants' arguments for summary judgment. (*See* ECF No. 75.)

### III. LEGAL STANDARD

The Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976). A district court need only undertake a *de novo* review of those portions of a Magistrate Judge's report to which "specific written objection" has been filed. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). However, where there are untimely filings of objections, objections to strictly legal issues, or mere "general and conclusory objections," a Magistrate Judge's recommendation is only reviewable for clear error. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court is required to review *de novo* any issue to which proper objection is made, regardless of whether the argument was raised before the Magistrate Judge. *United States v. George*, 971 F.2d 1113,

3

1118 (4th Cir. 1992). *De novo* review entails consideration of an issue as if it had not been decided previously. *E.g.*, *id.* However, Plaintiff is only entitled to *de novo* review of an objection if Plaintiff raises new arguments in respect to existing claims rather than raising new claims. *See McKinney v. Colvin*, No. 1:11cv199, 2013 U.S. Dist. LEXIS 46780, at *4 (W.D.N.C. Mar. 30, 2013), *aff'd*, 552 F. App'x 214, 214 (4th Cir. 2013) (unpublished)*; White v. Keller*, No. 1:10CV841, 2013 U.S. Dist. LEXIS 30651, at *14 (M.D.N.C. Mar. 4, 2013). The court must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72.

Summary judgment is proper when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, speculation, or conclusory allegations to defeat a motion for summary judgment. *Barber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-875 (4th Cir. 1992).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. *See Celotex*, 477 U.S. at 324 (explaining that Rule 56(e)

4

permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, admissions on file, together with … affidavits, if any." *Id.* at 322; *Cray Commc'ns, Inc., v. Novatel Computer Systems, Inc.*, 33 F.3d 390 (4th Cir. 1994); *Orsi v. Kickwood*, 999 F.2d 86 (4th Cir. 1993); Local Rule 7.04 (D.S.C.).

## IV. PLAINTIFF'S OBJECTIONS

Plaintiff filed an Objection to the Report on March 9, 2015. (ECF No. 78.) In his Objection, Plaintiff indicates that he is objecting to the "Procedural Background" section of the Magistrate Judge's Report. (*Id.* at 1.) Plaintiff objects to Defendants' use of, and the Report's inclusion of, the affidavits of Officers Veronica R. Gibbs, Neal Boshears, Mary J. Hewitt and Justin T. McAlister. *See id.* Plaintiff asserts that these officers were under duress and threat of termination of employment when signing their affidavits. (*Id.* at 1-2.) Plaintiff also asserts that two additional officers, "Washington and Hernandez", were terminated "due to their cooperative testimony to the actual facts of this case." (*Id.* at 2.)

On February 6, 2015, Plaintiff filed a Motion for Issuance of Subpoena requesting that he be provided four blank subpoena forms in order to copy the "duty log", inspect and photograph H-Block Unit, inspect and photograph GCDC serving trays, collect the names, addresses and phone number of Defendants, and review the last three years' "DHEC inspection results" for GCDC. (ECF No. 73.) Plaintiff now objects to the fact that he has heard no response from the court on his Motion for Issuance of Subpoena. (ECF No. 78 at 2.) Neither the affidavit issue nor Plaintiff's complaints about the pending status of his Motion for Issuance of Subpoena issue were raised by Plaintiff before the Magistrate Judge.

5

## V. ANALYSIS

Plaintiff introduces new factual issues in his Objection concerning the affidavits, and lack of affidavits, from the six Officers mentioned above. (ECF No. 78.) These are new claims rather than new arguments based on existing claims. (*See* ECF Nos. 1, 78.) Therefore, Plaintiff's Objection is improper and not entitled to *de novo* review. *See McKinney*, 2013 U.S. Dist. LEXIS 46780, at *4. The court finds that the Report is not clearly erroneous or contrary to law as is required to set aside an order under Fed. R. Civ. P. 72.

However, even if Plaintiff's Objection was proper, and the court conducted a *de novo* review based on Plaintiff's properly asserted objection, Defendants' Motion for Summary Judgment would nonetheless be granted. A thorough review of the materials offers no evidence to support the assertion that officers Veronica R. Gibbs, Neal Boshears, Mary J. Hewitt and Justin T. McAlister were under duress when signing their affidavits. The court finds no supporting evidence to suggest that Officers Washington and Hernandez were terminated due to their cooperation in Plaintiff's suit. Additionally, Plaintiff' fails to establish how the information he hoped to obtain through the issuance of subpoenas (ECF No. 73) is relevant to the allegations in his Objection (ECF No. 78). *See* Fed. R. Civ. P. 26 (limiting the scope of discovery to materials that are "relevant to any party's claim or defense").

Therefore, Plaintiff has not produced evidence beyond a mere scintilla and summary judgment is appropriate. *See Anderson*, 477 U.S. at 247-248.

## VI. CONCLUSION

For the reasons set forth above, the court hereby **GRANTS** Defendants' Motion for Summary Judgment. (ECF No. 53.) All other outstanding motions are deemed **MOOT**. (ECF No. 73.) The court **ADOPTS** the findings of the Magistrate Judge's Report and

Recommendation and incorporates it herein by reference. (ECF No. 75.)[1]

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 25, 2015
Columbia, South Carolina

---

[1] The court notes that Plaintiff failed to object to the Report's conclusion that Defendants are entitled to qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800 (1982) (explaining that Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known). Plaintiff also failed to object to the Report's conclusion that Defendants are not liable under a theory of supervisory liability. *See Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 691-694 (1978) (explaining that there is no doctrine of respondeat superior in § 1983 claims).